AMENDED PETITION

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District *Northern, New York* | |
|---|---|---|
| Name *Elbert Welch* | Prisoner No. *00 B 1648* | Case No. *9:08-CV-1217(DNH)* |
| Place of Confinement *Orleans Correctional Facility, 3531 Gaines Basin Road, Albion, N.Y. 14411-9199* | | |
| Name of Petitioner (include name under which convicted) *ELBERT WELCH* | Name of Respondent (authorized person having custody of petitioner) V. *SUPT. KHA HAIFA, Orleans C.F. UNITED STATES ATTORNEY GENERAL MUKASEY* | |
| The Attorney General of the State of: *New York* | | |

## PETITION

1.  Name and location of court which entered the judgment of conviction under attack *No judgment under attack : conditions or imminent custody as material federal witness and FOIPA administrative proceeding*

2.  Date of judgment of conviction *being challenged*

3.  Length of sentence *total 14 to 30 years*

4.  Nature of offense involved (all counts) *Criminal sale controlled substance 3rd Criminal poss controlled substance 7th*

    *Criminal poss controlled substance 3rd & 4th)*

    U.S. DISTRICT COURT - N.D. OF N.Y.

    NOV 28 2008

    AT_____ O'CLOCK_____
    Lawrence K. Baerman, Clerk - Syracuse

5.  What was your plea? (Check one)

    (a) Not guilty ☒

    (b) Guilty ☐

    (c) Nolo contendere ☐

    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6.  If you pleaded not guilty, what kind of trial did you have? (Check one)

    (a) Jury ☒

    (b) Judge only ☐

7.  Did you testify at the trial?

    Yes ☒   No ☐

8.  Did you appeal from the judgment of conviction?

    Yes ☒   No ☐

- 2 -

9.   If your answer to 8. was "yes," <u>attach a copy of the appeals court decision to this petition</u> and answer the following:

(a) Name of court (e.g., NYS Sup. Court, 4th Dept.)   _Appellate Div. 4th Dept._

(b) Result   _Judgments Affirmed_

(c) Date of result and citation, if known   _2003_

(d) List <u>all</u> grounds you raised (1)   _multiple and cumulative federal due process claims_

(2) _____

(3) _____

(4) _____

10.  Did you seek further review of the appeals court decision by a higher state court (e.g., the NYSCourt of Appeals)?

Yes  ☒    No  ☐

11.  If your answer to 10. was "yes," <u>attach a copy of the higher state court decision to this petition</u> and answer the following:

(a) Name of court   _N.Y. Court of Appeals_

(b) Result   _Leave to appeal denied_

(c) Date of result and citation, if known   _2003 + 2004_

(d) List <u>all</u> grounds you raised (1)   _Same as 9(d)_

(2) _____

(3) _____

(4) _____

12.  Did you file a petition for certiorari in the United States Supreme Court?

Yes  ☐    No  ☒

13.  If your answer to 12. was "yes," <u>attach a copy of the United States Supreme Court decision to this petition</u> and please answer the following with respect to each direct appeal you asked the United States Supreme Court to review:

- 3 -

(a)  Result _____

_____

(b)  Date of result and citation, if known _____

(c)  List all grounds you raised (1) _____

(2) _____

(3) _____

(4) _____

14.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g. a petition under NY CPL § 440, a state habeas petition, or a previous petition under 28 U.S.C. 2254) with respect to this judgment in any court, state or federal?

Yes  ☒      No  ☐

15.  If your answer to 14. was "yes," attach a copy of that court's decision to this petition and give the following information:

(a)  Name of court   Niagara County Court

(b)  Nature of proceeding   CPL 440.10 motion to vacate judgment

(c)  Date Filed   About          2008

(d)  List all grounds you raised (1)   Actual innocence, biased trial judge, illegal sentence, denial of speedy trial, known use of

(2)   False evidence to secure conviction, denial of due process

(3) _____

(4) _____

(e)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes  ☐      No  ☒

(f) Result _____

(g) Date of result _____

16. If your answer to 14. was "yes" and you also filed a <u>second</u> petition, application, or motion, <u>attach a copy of that court's decision to this petition</u> and give the same information:

(a) Name of court   *U.S. District Court, Western District of N.Y.*

(b) Nature of proceeding   *28 USC 2254 habeas corpus (two petitions)*

(c) Date Filed   *2003 + 2004*

(d) List <u>all</u> grounds you raised (1)   *same issues raised in state court*
    *direct appeal, at 9(d) supra*

(2) _____

(3) _____

(4) _____

(e) Did you receive an evidentiary hearing on your petition, application, or motion?

    Yes ☐   No ☒

(f) Result _____

(g) Date of result _____

As to any third, fourth, etc. petition, application, or motion, <u>attach a copy of that court's decision to this petition</u> and give the same information asked for under 15. and 16.

17. If your answer to 14. was "yes" and if the court did not grant the petition(s), application(s), or motion(s) you listed under 15. and 16., did you appeal to an intermediate court of appeals (e.g., the New York State Court of Appeals or the Second Circuit Court of Appeals)?

Yes ☒   No ☐

18. If your answer to 17. was "yes," <u>attach a copy of the appeals court decision to this petition</u> and answer the following regarding <u>each</u> petition, application, or motion:

(a) Name of court _____

(b) Date Filed _____

(c) Result _____

(d) Date of result and citation, if known _____

(e) List <u>all</u> grounds you raised (1) _____

_____

(2) _____

_____

(3) _____

_____

(4) _____

_____

19.   Did you appeal to the highest state court (e.g., the NYS Court of Appeals) or the United States Supreme Court for review of decisions regarding the petition(s), application(s), or motion(s) you listed in 15. and 16.?

(a) First petition      Yes  ☒    No  ☐

(b) Second petition   Yes  ☒    No  ☐

(c) Third petition    Yes  ☒    No  ☐

[List any other petition and indicate yes or no.]

20.   For <u>each</u> "yes" answer in 19., <u>attach a copy of that court's decision to this petition</u> and give the following information:

(a) Name of court ____ Appellate Div. 4th Dept

(b) Date filed ____ April 2008

(c) Result ____ Leave to appeal denied

(d) Date of result and citation, if known ____ Nov. 2008

(e) List <u>all</u> grounds you raised (1) ____ Same as 15(d) supra

_____

(2) _____

_____

(3) _____

_____

(4) _____

_____

21.   If you did *not* appeal from the adverse action on any petition, application, or motion, explain briefly why you did not:

_____

_____

_____

22.     State *concisely* every ground on which you claim that you are being held unlawfully.  Summarize briefly the *facts* supporting each ground.  If necessary, you may attach pages stating additional grounds and *facts* supporting same.

       CAUTION: In order to proceed in federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court.  *See* 28 U.S.C. §2254(b).  If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.  *See* 28 U.S.C. §2244(b).

       For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings.  Each statement preceded by a letter constitutes a separate ground for possible relief.  You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

       Do not check any of these listed grounds.  If you select one or more of these grounds for relief, you must allege facts.  The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a)     Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b)     Conviction obtained by use of coerced confession.
(c)     Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d)     Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e)     Conviction obtained by a violation of the privilege against self-incrimination.
(f)     Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g)     Conviction obtained by a violation of the protection against double jeopardy.
(h)     Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i)     Denial of effective assistance of counsel.
(j)     Denial of right of appeal.

A.     Ground one: _____ SEE ATTACHED SHEETS _____

_____

    Supporting FACTS (state briefly without citing cases or law): _____

_____
_____
_____
_____
_____
_____
_____

B.   Ground two: _____

_____

Supporting FACTS (state briefly without citing cases or law): _____

_____

_____

_____

_____

_____

_____

C.   Ground three: _____

Supporting FACTS (state briefly without citing cases or law): _____

_____

_____

_____

_____

_____

_____

D.   Ground four: _____

_____

Supporting FACTS (state briefly without citing cases or law): _____

_____

_____

_____

_____

_____

23.   If you did not previously present any of the grounds listed in 22A, 22B, 22C, and 22D in any other court, state or federal, state briefly what grounds you did not present and give your reasons for not presenting them:

_____

_____

_____

_____

24. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes ☐   No ☒

(a) Name of court _____

(b) Nature of proceeding _____

(c) Date filed _____

(d) List <u>all</u> grounds you raised (1) _____

     (2) _____

     (3) _____

     (4) _____

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you challenge in this petition:

(a) At preliminary hearing _n/A Pro Se_

(b) At arraignment and plea _n/A Pro Se_

(c) At trial _n/A Pro Se_

(d) At sentencing _n/A Pro Se_

(e) On appeal _n/A Pro Se_

(f) In any post-conviction proceeding _n/A Pro Se_

(g) On appeal from any adverse ruling in a post-conviction proceeding _n/A Pro Se_

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes ☒   No ☐

ILLEGAL AND UNCONSTITUTIONAL CONFINEMENT OF
FEDERAL WITNESS IN NEW YORK STATE CORRECTIONAL
FACILITIES (U.S.CONST.AMENDS. 5, 8, 14)

(1) I am a federal witness confined in New York State Department
of Correctional Service (NYS DOCS) facilities with knowledge,
involvement and approval of FBI Director Robert S. Mueller,
United States Attorney General Mukasey, President George
Bush, President Elect Berak Obama and the United States
Department of Justice who are acting together with Brian
Fischer, Commissioner of NYS DOCS to use me as an
informant to facilitate FBI investigations of NYS DOCS offi-
cials and others involved in a massive, multi-faceted
criminal conspiracy which has goals to kill, injure and/or
kidnap/murder me, to defraud the federal government, to
discredit the conspiracy and the complicity of certain members
thereof, as well as to retaliate against me in diverse ways,
and other goals not now set forth.

(2) Respondents are purporting to detain me under two
state court judgments rendered by the Niagara County Court
on July 17, 2000, which imposed sentences aggregating
14 to 30 years imprisonment on drug related charges charged
under indictments 1999-051 and 1999-128. According to my
understanding on information and belief, the entire criminal
court proceedings under these two cases are part to the
FBI investigation against the arresting and prosecuting
police and authorities (comprising NYS police, Niagara
County Sheriff, Niagara Falls city and county police
officials, and others)

1

(3) I have been informed both in person and via telephonic interviews with FBI Agents that FBI investigations were being conducted into these and other matters involving this conspiracy. I have had numerous personal and telephonic interviews with FBI Agents in 1979; 1996; 1998; 1999. I have also had numerous written correspondences with FBI and U.S. Dept. of Justice officials from 1979 to the present.

(4) Upon information and belief, ALL former Presidents of the United States from 1990 to the present (to wit, Presidents Bush, Clinton and Bush) and former United States Attorneys General (to wit, U.S. Attorney General Janet Reno, Alberto Gonzalez, and Mukasey) have been made aware of and privy to the FBI investigations and massive conspiracy. (SEE ANNEXED FBI FOIPA DOCUMENTS SHOWING U.S. ATTORNEY GENERALS POSSESSION OF AND WITHHOLDING OF DOCUMENTS)

(5) The FBI and federal government (i.e., U.S. Attorney General, federal district judges of Western District of New York, et al.) are detaining me as a material witness — in part related to the Niagara County criminal convictions and in part related to the FBI investigation of DOCS involvement in the massive conspiracy — and have prevented me from securing my release from prison via federal

2

habeas corpus relief under 28 USC 2254. U.S. District Court Judge Skretny denied my applications for habeas relief from the two state court judgments in 2007 after having been made aware of past and ongoing FBI investigations into the said conspiracy and the refusal of the FBI and U.S. Dept. of Justice to fully disclose evidence of the conspiracy in my state court criminal prosecutions.

(6) The FBI conducted investigations as to the arresting and prosecuting authorities criminal prosecution of me on drug related charges referred to at paragraph 2, supra. Such FBI investigations were ongoing during my 2000 jury trials in Niagara County Court in both cases.

(7) Subpoenas were issued to the Buffalo, N.Y. and Niagara Falls, N.Y., FBI offices for their attendance as my defense witnesses in the state court trials. Both such FBI offices responded, in writing on the state court record, to the Niagara County Court and invoked claims of sovereign immunity and stated that production of witness testimony and documentary evidence was prohibited in the state court proceedings (citing 28 C.F.R. 16.24 and U.S. ex rel. Touhy v. Ragen, 340 US 462, 71 S.Ct. 416 (1951) as dispositive of this type of situation)

3

(8) After the FBI invoked sovereign immunity, the State court refused to allow me to present witnesses or documentary evidence (which I had obtained via Title 5 USC 552a in 2000 and which I had in my possession revealing that FBI authorities had conducted criminal investigations against Niagara County and New York State DOCS officials, police and others) The Niagara County Court (Judge James Punch) prohibited me from raising defenses of conspiracy based on the FBI documents or FBI investigations.

(9) Although approximately 183 pages of 208 pages were released to me in 2000 under FOIPA some of which show FBI investigations into a massive, multi-faceted conspiracy, with goals to kill me, defraud the federal government, to retaliate against me, and other goals, my request for full disclosure of FBI investigative files under FOIPA have been denied as recent as November 20, 2006. The FBI and U.S. Dept. of Justice have claimed exemptions from disclosure of the vast majority of the FBI investigative records (i.e., 5 USC 552a(j)(2)(material reporting investigative efforts pertaining to enforcement of criminal law including efforts to prevent, control or reduce crime or apprehend criminals); 552(b)(c) (could reasonably be expected to constitute an unwarranted invasion of personal privacy); 552(b)(d) could reasonably be

4

expected to disclose the identity of a confidential
source, including a State, LOCAL, or Foreign Agency
or authority or any private institution which furnished
information on a confidential basis, and, in the case
of record or information compiled by a CRIMINAL Law
enforcement authority in the course of a criminal investi-
gation, or an agency conducting a national security
intelligence investigation, information furnished by a
confidential source)) (see exhibits submitted by me
along with my original habeas petition herein)

(10) After exhausting state court remedies as to the state
court judgments, I filed habeas corpus petitions under
28 USC 2254 with the Western District Court of New York.
That court, acting under apparent influence of FBI and
U.S. Dept. of Justice officials using investigatory powers
and the fact that that court was aware of ongoing FBI
investigations (from my submission of FOIPA FBI
investigative documents thereto and otherwise), denied
my habeas petitions despite my substantial showing that
I had been denied constitutional rights. That court also
denied me a certificate of appealability. All of such action
was taken without regard to the merits of my habeas
petitions to further ongoing FBI investigations.
This conclusion is strongly supported by circumstantial
evidence and facts involved in the cases.

(11) In fact, the decisions of Western District Court Judge William Skretny have all appearance of merely rubber stamping report-recommendations of Magistrate Judge Bianchini to deny my petitions while laying the foundation for perjury and conspiracy criminal prosecutions against the testifying state and local police witnesses who all testified in both cases falsely claiming they lacked knowledge of or any involvement in a conspiracy against me. The Magistrate report emphasized the testimony of the police witnesses and the fact that I was unable to produce FBI witnesses or any evidence of a conspiracy. The Magistrate report also noted the FBI's invocation of sovereign immunity referred to herein at paragraph 7, supra.

(12) The FBI surely possesses witness testimony and documentary evidence to show knowledge of and involvement in the conspiracy by the testifying police witnesses but has invoked sovereign immunity and FOIPA exemptions against production and disclosure thereof (see paragraphs 7, 8, 9, supra)

(13) I have taken proper steps to attempt to obtain this evidence which would reveal the involvement of state and local police, DOCS officials, and others in this conspiracy. I have complied with federal

6

Regulations first as suggested by federal court decisions. See, e.g., Smith v Cromer, 159 F3d 875 (4th Cir. 1998); United States v Williams, 170 F3d 431 (4th Cir 1999). I have requested the U.S. Attorney of Western District of New York to disclose the witness and document evidence pursuant to 28 C.F.R. 16.22(b) and 16.24(a). I have also made requests for such disclosure pursuant to 5 USC 552. I appealed after my requests were denied. Only 12 additional pages were released, with Director Metcalf advising that I may seek judicial review of such denial pursuant to 5 USC 552a(4)(b).

(14) District Courts have authority to compel agency action unlawfully withheld or unreasonably delayed. 5 USC 706(1); United States v Williams, supra, 170 F3d at 434. And while courts have required compliance with the Justice Department's regulations as a prerequisite to obtaining information possessed by the FBI, courts have held that "we in no way authorize the FBI to withhold such information where it has participated in the investigation at issue." Williams, at 434

(15) Judicial review of an administrative proceeding may be had via habeas corpus. See, e.g., Brown v Lundgren, 528 F2d 1050 (5th Cir. 1976), cert. denied 429 US 917, 97 S.Ct. 308; Robbins v Reid, 249 F2d 242

7

(C.A.D.C. 1959); Rellinger v F.T.C., 392 F.2d 454 (2d Cir. 1968); Morrison v U.S., 440 F. Supp. 179 (D.C. Neb. 1978). See also Smith v Cromer, supra, 159 F3d, at 881 (noting that defendant's "remedy, if any, for the Justice Department's action in the instant case may be found in the APA ... which expressly limits such review authority to the federal courts")

(16) And while concededly "the government is under no obligation to provide private citizens with information concerning ongoing criminal investigations". Gonzalez-Bernal v United States, 907 F2d 246, 250 (1st Cir. 1990) (quoting from Dyniewicz v United States, 742 F2d 484, 487 (9th Cir. 1984); and the "government is under no duty to announce its suspicions or internal investigations to the 'world at large'", Id., it is also undeniable that the government may assume a duty to protect a victim against an assault as the facts at bar indicate has occurred here. See Doe v United States, 838 F2d 220 (7th Cir. 1988). The government has used me as an informant and is apparently detaining me as a material witness thus giving rise to a "special relationship" and duty to protect. See Swanner v United States, 275 F. Supp. 1007, 1017 (N.D. Ala. 1967) rev'd on other grounds 406 F2d 716 (5th Cir. 1969), on remand, 309 F. Supp. 1183, 1187 (N.D. Ala. 1970); Peck v United States, 470 F. Supp. 1003, 1016 (SDNY 1979). See also 42 USC 1985(3), 1986.

(17) A duty to warn a victim of a conspiracy and impending violence may also arise out of a special relationship between the government and the victim, Frank v United States, 250 F 2d 178, 180 (3d Cir. 1981); Peck, supra, 470 F.Supp., at 1017, n. 3; Ingram v Eastern Airlines, 373 F 2d 227, at 235-236 (2d Cir. 1967) Such a duty to warn exists here.

(18) U.S. Dept. of Justice officials and all respondents herein have been made aware by me and FBI investigations of the existence of plots to kill me or seriously injure me by poison/contamination through food, stabbing, arson, beating, or other means. Yet respondents have refused to disclose details of FBI investigations while in 2007 respondents influenced the denial of 28 USC 2254 habeas corpus relief (under Welch v Artus, 04-CV-205 involving indictment 1999-128 and Welch v Artus, 03-CV-865 involving indictment 1999-051) and are acting together to detain me in NYS DOCS facilities purportedly as a material witness in the FBI's investigation of the conspiracy. I have also not been warned of impending violence despite respondents' knowledge of repeated efforts by conspirators to consummate murder/assault against me.

(19) According to information and belief, Respondents have been made aware via FBI investigations as well as my written complaints of the existence of a plot to kidnap/murder me. This kidnap/murder plot has been made known to and discussed by inmates, DOCS employees, and other members of this conspiracy.

(20) DOCS officials plotted to confine me to SHU in order to have me taken out of facility by handcuffs and shackles to facilitate the kidnap/murder plot. According to my understanding on information and belief, DOCS officials were being told that my habeas corpus petitions and state court appeals would be granted and that I would be picked up by persons who would consummate the kidnap/murder. To further this plot, Clinton C.F. officials made numerous efforts to confine me to SHU on disciplinary charges from 2003 to 2006 and when efforts did not succeed, known false disciplinary charges were filed against me on 1/8/06 by Clinton C.F. officer T. Charland and R. Lincoln, which charges were sanctioned, approved and directed by Capt. Brown, Supt. Artus, Commissioner Glenn Goord and others. I received a six month SHU penalty on the fabricated, known false charge, and was transferred to Gouverneur C.F. SHU on or about 2/1/06.

(21) While at Gouverneur SHU C.O. Sorrell made statements to me indicating that he had been told my then pending 28 USC 2254 habeas petitions would be granted and stated to me I would be "going home" soon from Gouverneur SHU. Sorrell also made threats to retaliate against me if I continued to make complaints/grievances stating he would write me up for "any little thing" and cause my SHU term to be extended. Ultimately, the 6 month SHU term was modified to 2 months SHU and I was transferred to Auburn C.F. by respondents.

(22) Before my transfer to Gouverneur C.F. I was told by an inmate that I would be going on a "journey" which I understood to be a reference to the kidnap/murder plot similar to the journalist who was killed in the Iraq war. This comment was made in 2005.

(23) A Clinton C.F. officer Chevalier in 2005 also made comments to me implying his awareness that I was the victim of a conspiracy by DOCS officials. He asked me to "take a walk" to a basement area where he showed me areas where inmates called "screamers" were formerly kept when they could not be controlled. From 1979 to 1984, Clinton C.F. officials made numerous efforts to get me to cooperate with their plot to isolate and kill me often using words "let's take a walk"

11

(24) Prior to being transferred to Gouverneur SHU from Clinton C.F. in January 2006, a corr. officer made a comment to me about his being "sworn to secrecy" about a kidnap/murder plot against me.

(25) Members of this conspiracy have adopted coded words, signs and conduct used as a means to make declarations, threats, etc., to further the goals of such conspiracy. Many, but not all, of the adopted codes comprise use of irony, sarcasm, names of persons, places or things, etc., to thinly disguise the intent of persons making the declarations. I have a great degree of understanding of the coded words and conduct which have continuously occurred since 1979 to the present. There have also been numerous overt acts, declarations and conduct of conspirators to further goals of this conspiracy. The words and conduct used as coded language in this conspiracy are too numerous to set forth fully herein; therefore, I only indicate some examples, not an exhaustive list.

(26) For example, conspirators often opened and read my outgoing/incoming mail to/from family/courts, etc., and used words therein such as my letters to my son referring to "Batman + Robin" games we previously played as father + son; conspirators used the numbers "25", "5" or similar combinations to refer to my former

12

outside residence of "325 Memorial Parkway" and
my wife and son who I corresponded with there;
conspirators used terms such as "tapioca" to refer
to the tapping of my home phone by former Niagara
County Judge Hannigan, term "8-track" or "8" to refer
to my then 8 year old son and conspirators' plot to
track/trace his whereabouts and the term "school" to
indicate this would be accomplished through his school
records; the term "prosper", "prosperity", etc., to
refer to statements of my wife in 1985 during monitored
phone conversations wherein she stated she would
"prosper", and term "focused" which she used to say
my son should stay "focused" during phone conversa-
tion; term "journey" used by conspirator as threat that
I would go on a "journey" and be killed in manner
similar to killing of journalist in Iraq war; terms
"King", "King David", man with "power of the pen"
referring to me as a person who used intelligent tactics
to defeat the Goliath of the massive conspiracy herein.
as well as term "great", etc., to refer to same; terms
"how are you doing", or "you look better" or "do you
feel better", etc., used by psychiatrists or psycholo-
gists in 1980-1985 in efforts to get my participation
in this conspiracy in order to consummate the plot to
murder me; terms "thing's have changed", or "nothing's
changed", or "that's it", or "hit" or "smart" or
"brand new" and other terms having various meanings

13

of threats or intent or plans to kill me; term "give it back" or other terms to refer to plans to somehow get back the multiple millions of dollars conspirators expect will be recoverable by me from this massive conspiracy; term "the economy" and similar terms to refer to me and millions of dollars conspirators expect will be recoverable by me from the conspiracy; terms "all of yous" or "yous", or "both of yous", or "Amityville murders" which involved murder of a family, and other terms conveying threats and intent to kill me and my family; term "list" to convey threat/intent to kill me by arson and to fabricate a claim that I committed suicide; terms "cellar keys", or "officer Blair" and other terms of implied intent/admission to plans to lie to fabricate evidence to pursue goals of conspiracy to kill me with the "lar" portion of "cellar" and the "lair" portion of "Blair" sounding like "liar" and having such meaning when used by CO Robin Stein and many others of Clinton C.F. in furtherance of this conspiracy dating as far back as 1980-1983 et seq. These and many more declarations have been used to further the goals of this conspiracy.

(27) Numerous persons have confessed or admitted their own and others' involvement in as well as the existence of the within conspiracy and have provided information to the FBI. The FBI has refused to disclose such

14

matters and has claimed exemption under 5 USC 552 (b) (7) (C), 552 (b) (7) (D), and 552a(j)(2). One such notable person is Oprah Winfrey who has made numerous televised comments on numerous occasions concerning her admission to this conspiracy and has conducted numerous televised interviews of other celebrities such as Tom Cruise, Bill Cosby, Barbara Streisand and others as to their knowledge and involvement in this conspiracy.

(28) On one televised broadcast on the Oprah Show, Bill Cosby referred to me as the man who only has "power of the pen" while others have "weapons" but I never "show up" (an apparent reference to the kidnap/murder plot). This broadcast was made during 2003-2005, and, as with other broadcasts, was eyewitnessed by me on prison TVs.

(29) On one occasion actor Tom Cruise jumped on and stood on Oprah's couch and used a clinched fist sign. This was coded, non verbal conduct to convey his awareness of my prison in-cell conduct of standing on the cell bed, etc., which, like other daily activities that I engaged in, were being conveyed to Oprah, Tom Cruise and others who participated in the conspiracy including, but not limited to, other inmates. On a subsequent Oprah Show Tom Cruise was questioned by Oprah about his

15

Act of jumping and standing on Oprah's couch and made an implied admission that his act was an immitation of my prison in-cell conduct.

(30) Over the years, beginning in or about 1986 and continuing to 1993 and as recent as 2008, radio station broadcastor from Buffalo's WBLK and Rochestra's WDKX conveyed to me their participation in this conspiracy and that they are being informed of my daily prison activities. In fact, as I prepare this petition Buffalo's WBLK disc jockeys Tom Joxner, Cybil Wilkes, Jay Anthony Brown and others regularly convey broadcasts to indicate their awareness of my daily activities and location.

(31) I am currently confined in SHU at Orleans C.F. with serious injuries inflicted by DOCS conspirators who have repeatedly confined me to cells to force me to eat contaminated/poisoned food with body fluids/cleaning fluids in small amounts not readily detectable which are mixed in or smeared on foods. This practice has been ongoing for many years since 1979 to the present. I am now inflicted with hepatitis C/liver damage, nodules in my lung field, lesion/blisters on my tongue and occasional sore throat, speech difficulty, feeling of faitness in chest area. This is the third time I have been illegally confined to SHU at Orleans C.F. on known false disciplinary charges hence forced to

16

eat contaminated/poisoned food. I was so confined 9/14/07 to 10/14/07; 6/20/08 to 7/20/08; and 9/8/08 to present. It is well known fact that conspirators have previously contaminated/poisoned my food in efforts to kill me dating as far back as 1980 et seq. at Clinton C.F.; and at times the contaminants/poison were openly used and served on food carts, in trays, etc.; in the presence and with knowledge of Clinton, Great Meadow, Attica and other DOCS officials who approved, sanctioned, and directed such acts to be perpetrated and perpetuated by inmates and employees as part of a plot to maliciously brand me mentally ill, a homosexual, and to kill me to prevent me from freely and fully testifying in federal court regarding this conspiracy. Similar such practices have occurred at Orleans C.F. from 2007 to 2008.

(82) Oprah Winfrey was an important supporter and constituent to President Elect Berak Obama. President Elect Obama while campaigning made numerous televised comments which contained coded language endemic to the coded words of the conspiracy herein. Some of those comments were: "America, we are better than these last 8 years. We are a better country than this."; and "People in small towns are clinging to guns and religion"; and "We can't afford 4 more years just like the last 8"; and "At a moment like this, the last thing that we can afford is 4 more

17

years of the tired old theory that says we should give more to corporations and billionaires to have some trickled down to prosperity"; and McCain will continue to lead the economy down a dead end street that President Bush has set; and why does McCain keep leading down a dead end street that Bush has set; and It's time for us to "change" America; and "we love this country too much to let the next 4 years look just like the last 8"; and a woman in voting line continued voting when hearing her husband passed; and comparing President Bush and Vice President Dick Chaney to "Like asking Robin to get mad at Batman". These and other remarks of President Elect Obama all made during and as part of his campain were all televised and are declarations his knowledge and assertions of a conspiracy to kill me.

(33) Subsequent to President Elect Obama's election as president, President Bush made televised comments to President Elect Obama stating that he (Obama) would be going on a "journey" of his lifetime.

(34) All of the presidential campaigns since 1993 have also used similar tactics and coded language indicating that the federal goveenment and senators are aware of the conspiracy herein.

18

(35) Upon information and belief, the FBI has investigated and confirmed that members of my family were murdered to further goals of the within conspiracy. Full or partial disclosure of FBI investigative files under FOIPA by the FBI and U.S. Dept. of Justice will provide more details.

(36) According to information and belief, including but not limited to declarations of DOCS employees, inmates, conspirators and informant as well as some FOIPA records released to me, the FBI has infiltrated DOCS facilities with FBI informants and have deployed U.S. Military sources to intervene in case of attack against me. FBI authorities apparently have intentions to detain me as a material witness and possess federal court orders which are required by law in order to do so. Cf. Roba v United States, 604 F2d 215, 218-219 (2d Cir. 1979) (allowing prisoner to challenge execution of removal warrant where he challenged alleged "unlawful conditions of his imminent custody" and holding that the "habeas corpus court is obligated to adjudicate the merits of such a claim"). The Second Circuit made clear that the district court "does not have the authority to delegate adjudication of the claim to some other court." Roba, supra, at 219. "And if the facts warrant a hearing, one should be promptly held." Id.

(37) I submit that this Court has jurisdiction to adjudicate this habeas corpus petition as a challenge to unlawful conditions of (my) imminent custody" Roba, supra; and/or this court may review the FOIPA administrative proceedings via federal habeas corpus pursuant to Brown v Lundgren, supra, and other cases cited at paragraph 15, supra.

(38) Respondents, the FBI, DOCS and U.S. Dept. of Justice are not providing me with sufficient protection against serious physical injury from kidnap/murder, being contaminated/poisoned via food, being stabbed, injured by arson, beating, etc., all of which FBI officials and U.S. Dept. of Justice sources know to exist as a source of danger to me

Wherefore, I respectfully request this Court to invoke habeas corpus jurisdiction to review the administrative proceeding (paragraphs 15 + 37) and/or to allow me to challenge execution of federal court material witness orders and unlawful conditions of confinement thereunder (paragraphs 13-18, 36-37, supra)

27.   Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes  ☐      No  ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes  ☐      No  ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_11/24/08_____
(Date)

_____
Signature of Petitioner

- 10 -