UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ELBERT WELCH,

                                        Petitioner,

               v.                                              9:08-CV-1217
                                                                    (DNH)

MUKASEY, United States Attorney General;
MUELLER, FBI Director; PRESIDENT BUSH;
PRESIDENT ELECT OBAMA; and BRIAN
FISCHER, NYS DOCS,

                                        Respondents.
_____

APPEARANCES:

ELBERT WELCH
00-B-1648
Petitioner *pro se*
Franklin Correctional Facility
PO Box 10
Malone, NY 12953

DAVID N. HURD
United States District Judge

## DECISION AND ORDER

       Petitioner Elbert Welch ("Petitioner" or "Welch"), has submitted a *pro se* amended

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 4.  For the reasons

that follow, the amended petition will be  dismissed.

**I.  Background**:

       On November 12, 2008, Welch filed a petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2241.  See Dkt. No. 1.  In the petition, Welch alleged that he is a federal witness

who is illegally detained in a New York Correctional Facility "under constraint and constructive

custody imposed by FBI Director Robert S. Mueller, United States Attorney Mukasey,

President George Bush, President Elect Berak [sic] Obama and the United States Department of Justice" whom he alleges are using him "as an informant to facilitate FBI investigations of NYS DOCS officials and others involved in a massive, multi-faceted criminal conspiracy which has goals to kill, injure and/or kidnap/murder me, to defraud the federal government, to discredit the conspiracy and the involvement of certain members thereof, as well as other goals to further the conspiracy." Dkt. No. 1, attached pages, at 5. Petitioner further alleged that the FBI failed to warn him of impending violence, has refused to disclose details of an alleged FBI investigation involving him, and that the respondents have enlisted as co-conspirators Oprah Winfrey, Tom Cruise, Bill Cosby, and Barbara Streisand. Id. at 6-10. Welch asked the Court to discharge him from state custody and to order that he be produced before the Court for "appropriate hearing and determination on such issues." Id. at 10.

In an Order dated November 19, 2008, petitioner was advised that since he is a state prisoner serving a state sentence in a state correctional facility, relief is unavailable to him under section 2241. See Dkt. No. 3 at 2-3 (citing Cook v. New York State Div. of Parole, 321 F.3d 274, 278 (2d Cir. 2003)). Petitioner was advised that challenges to the execution of a sentence and to underlying convictions brought by state prisoners must be brought pursuant to 28 U.S.C. § 2254, which governs petitions filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Dkt. No. 3 (quoting 28 U.S.C. § 2254(a) and citing Cook, 321 F.3d at 278 (citing James v. Walsh, 308 F.3d 162, 166 (2d Cir. 2002)).

The Court further noted that Welch did not appear to be challenging either the execution of his sentence or the underlying conviction, and he did not allege that he was

being detained in state custody in violation of the constitution or the laws or treaties of the United States. See 28 U.S.C. § 2254(a). Instead, he asked that he be released and produced before the Court for a hearing on "material witness issues." Dkt. No. 1, attached pages, at 10. The Court also noted that when Welch filed his habeas petition, he was in custody in the Orleans Correctional Facility, located in the Western District of New York.  Welch's state conviction was rendered in the Western District, and all of the events about which Welch complained appeared to have taken place in that District. Dkt. No. 3 (citing Pet., attached pages, at 2-10.).  Thus, Welch did not allege any facts to suggest that his habeas petition was properly brought in the Northern District of New York.

Accordingly, Welch was ordered to file an amended petition pursuant to section 2254 in which he should (1) allege facts that showed this action is properly brought in the Northern District of New York;[1] and (2) set forth the grounds upon which the petition is based and the facts supporting each ground. See Dkt. No. 3.

## II.  The Amended Petition:

In the amended petition, Welch names Superintendent Khahaifa as a new respondent, and re-states much of the information contained in his original petition.  Welch states that he is a federal witness confined in a state correctional facility with the "knowledge, involvement and approval of FBI Director Robert S. Mueller, United States Attorney General Mukasey, President George Bush, President Elect Berak [sic] Obama and the United States Department of Justice[.]" Am. Pet, attached pages, at ¶1. Petitioner claims that these

---

[1] Since the Court's Order, Welch has been transferred to the Franklin Correctional Facility, located in the Northern District of New York.  See Dkt. 5. Accordingly, the venue issue identified in the previous order (see Dkt. No. 3) is now moot.

individuals are working with Brian Fischer, "Commissioner of NYS DOCS," to use him as an informant in an FBI investigation of "NYS DOCS officials and others" who Welch alleges are involved in a "massive, multi-faceted criminal conspiracy which has goals to kill, injure and/or kidnap/murder me, to defraud the federal government, to discredit the conspiracy and the complicity of certain members thereof, as well as to retaliate against me in diverse ways[.]" Id.

Welch states that there is "no judgment under attack" in his amended petition and instead states that his petition is meant to challenge both the "conditions of imminent custody as material federal witness and FIOPA administrative proceeding[.]" Am. Pet. at 2.  Petitioner claims that the Court has jurisdiction to adjudicate his petition "as a challenge to unlawful conditions of (my) imminent custody" pursuant to Roba v. United States, 604 F.2d 215 (2d Cir. 1979), and that the Court may review the "FOIPA administrative proceedings via federal habeas corpus pursuant to Brown v. Lundgren", 528 F.2d 1050 (5th Cir. 1976).  Id. at ¶37. Finally, Welch asks the Court to invoke "habeas corpus jurisdiction to review the administrative proceeding (paragraphs 15 & 37) and/or to allow [him] to challenge execution of federal court material witness orders and unlawful conditions of confinement thereunder (paragraphs 13-18, 36-37, supra)."  Id. at attached page 20 ("wherefore" clause).

## III.  Discussion:

Even construed liberally, the amended petition does not state any claim upon which habeas relief may be granted. A petition for a writ of habeas corpus may be brought by a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a). Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states

that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  The Advisory Committee Notes accompanying Rule 4 explain that "under [28 U.S.C.] § 2243 it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Id. citing Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970). See 28 U.S.C. §2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant . . . is not entitled thereto.").

Welch's first challenge relates to alleged "unlawful conditions" of "imminent custody." This claim is apparently based upon his belief that he is being detained in the state prison system as a "material witness in the FBI's investigation of the conspiracy."  Am Pet., attached pages, at ¶¶ 18, 36 ("FBI authorities apparently have intentions to detain me as a material witness[.]"). Welch cites to Roba v. United States, 604 F.2d 215 (2d Cir. 1979), in support of his claim. His reliance on Roba is misplaced.

 The petitioner in Roba was indicted on federal charges in the Central District of California in November 1978, and was arrested in the Southern District of New York on a bench warrant issued by the California district court.  Roba, 604 F.2d at 216-17. The petitioner suffered a life-threatening heart condition, and after a hearing, the Southern District of New York issued a removal warrant, but stayed its execution pending a determination by the California court of the petitioner's competency to travel to that district due to his health. Id. at 217. The petitioner filed a petition for writ of habeas corpus in the Southern District of

New York, seeking to stay the execution of the removal order based on his health.  Id. at 216,

218.  The court concluded that there was no reason why the "medical claim of physical

inability to be removed" could not be litigated in the California district court, and dismissed the

petition. Id. at 218.  The Second Circuit noted that a prisoner "has a right not to be forcibly

transported by government officials while he is in a life-threatening condition," and that the

petitioner could challenge the "allegedly unlawful conditions of his imminent custody" on that

ground.  Id. at 218-19. It also ruled that the Southern District of New York had jurisdiction to

consider the merits of the habeas petition, and could not delegate its adjudication to the

California court, noting that it was "by no means clear" that the California court "would have

authority to stay the execution of a removal warrant issued by the Southern District of New

York."  Id. at 219.

Unlike the petitioner in Roba, Welch is in custody serving a state sentence imposed in

Niagara County, New York.  See http://nysdocslookup.docs.state.ny.us.  According to the

Department of Correctional Services ("DOCS") website, petitioner was convicted in Niagara

County for third degree criminal sale of a controlled substance and related charges, and is

serving an indeterminate sentence of fourteen to thirty years in prison for that conviction.  Id.

Welch has not alleged any facts that would support a finding that he is in custody pursuant to

any material witness warrant, that federal custody is imminent or that he is subject to a

removal order.  Instead, Welch's claim stems from his unsupported assertions that according

to the "declarations of DOCS employees, inmates, conspirators and informant [sic]" and

documents that have been released to him, the FBI intends to detain him as a material

witness to conduct what has "continuously occurred since 1979 to the present" (Id. at ¶ 25),

that the FBI possesses court orders to detain him as a witness, and that he may, in the future, be taken into federal custody. Id. at ¶ 36.[2] Roba is therefore inapposite.

Welch's second claim appears to be a challenge to the FBI's refusal to disclose documents under the Freedom of Information Act ("FOIA").  Petitioner claims that the FBI has information relating to the alleged conspiracy to kill him.  He claims that agents of the FBI invoked sovereign immunity and refused to testify to their investigation into the conspiracy in state court, and that as a result, the state court then refused to permit him to raise a defense of conspiracy at trial.  Id. at ¶¶ 7-8. Welch states that "183 pages of 208 pages" of the FBI investigation were released to him in 2000 under FOIA, but that the FBI is withholding the remaining documents that prove his conspiracy claim, and its refusal to disclose them violates FOIA.  Id. at ¶¶ 10-15.  Welch argues that this Court has habeas jurisdiction to review the FOIA administrative proceedings in which he was denied access to copies of these FBI documents. Id. at ¶¶15-16. In support of that claim, Welch cites to Brown v. Lundgren, a Fifth Circuit case decided in 1976. Id. at ¶ 37. Welch's reliance on Brown is also misplaced.

Brown involved "the extent to which a federal court may judicially review the parole release process of the United States Board of Parole on the basis of a petition for writ of habeas corpus[.]" Brown, 528 F.2d at 1052. The Fifth Circuit determined that the merits of the parole board's decision to grant or deny parole was subject to review only if it was "alleged to

---

[2] Welch was cautioned in the November 19, 2008 Order directing him to file an amended petition that no portion of "any prior petition shall be incorporated into his amended petition by reference." Dkt. No. 3 at 5. Nonetheless, Welch refers the Court to documents that were "submitted by me along with my original habeas petition herein [.]" Am. Pet, attached pages, at ¶ 9. In light of Welch's *pro se* status, the Court has again reviewed the documents submitted as exhibits to his original petition. See Dkt. No. 1. None of these documents (dated November 20, 2006, November 15, 1999, September 12, 1996, January 20, 1998, April 2, 1979, and April 12, 1979) support Welch's claim that he is a witness in an ongoing FBI investigation, or that he is subject to any material witness warrant or removal order.

be so arbitrary and capricious as to be beyond" the board's "broad discretion." Id. at 1054. The Court further determined that "the process by which the board reaches" its parole decisions could be challenged in a habeas petition. Id. at 1053-54. Finally, the court ruled that a petitioner challenging either the parole board's decision or the process used to reach that decision was required to "show that the action of the board was so unlawful as to make his custody in violation of the laws of the United States." Id. at 1054. Brown does not support Welch's claim that this Court may invoke habeas jurisdiction to review FOIA decisions, or that challenges to FOIA decisions are cognizable on habeas review.

It is worth noting that Welch's litigation history based upon this alleged conspiracy is vast. See, e.g., Welch v. Fischer et. al, No. 08-cv-1056 (Mordue, C.J.)(petitioner alleged that he was placed in SHU confinement by prison officials based upon "known false charges", and that these officials want to kill him because he is a federal witness in an ongoing FBI investigation into the Department of Corrections ("DOCS") "conspiracy" to kill him; transferred to Western District of New York on Oct. 10, 2008); Welch v. Brown et. al, 9:08-CV-1055 (Scullin, S.J.) (filed with No.08-cv-1056; civil rights complaint in which Welch alleged substantially the same grounds set forth in his habeas petition, though in greater detail; transferred to Western District of New York on Oct. 9, 2008); Welch v. Mueller et al, No. 08-CV-94. Dkt. No. 5 at 3 (W.D.N.Y. Feb. 29, 2008)("plaintiff alleges a wide-ranging conspiracy to violate his civil rights among numerous "federal[,] state judicial and prosecutorial officials," including, but not limited to, the Former Director of the FBI, the President and Attorney General of the United States, numerous judges of the United States Court of Appeals of the Second Circuit, this Court, and the New York State Supreme Court, Appellate Division, based on an alleged criminal investigation of him. Plaintiff further alleges various constitutional

violations by correctional officials and his oft-alleged claim of food contamination and the risk of serious injury as a result of the conspiracy."); Welch v. Samuels, No. 02-CV-764, Dkt. No. 4, at 3 (W.D.N.Y. Nov. 25, 2002)("The complaint describes a long-lived, extremely wide-ranging (plaintiff now includes 139 participants in the conspiracy), fantastic, and apparently hopelessly-inept conspiracy that has had plaintiff's death as its goal for the past twenty-some years."), appeal dismissed No. 02-0372-pr (2d Cir. Jan. 27, 2005) . See generally Welch v. Galie, 207 F.3d 130, 132 (2d Cir. 2000); Welch v. Selsky, No. 06-CV-00812, 2008 WL 238553, at *1-2 (N.D.N.Y. Jan. 28, 2008)(Kahn, J. adopting Report-Recommendation of Peebles, M.J.); Welch v. Fischer, No. 07-CV-0929, 2007 WL 3231992 (N.D.N.Y. Oct. 30, 2007)(McAvoy, S.J.), appeal dismissed No. 07-5364-pr (2d Cir. Feb. 22, 2008)(appeal lacked "an arguable basis in law or fact."); Welch v. Samuels, No. 02-CV-1077, Dkt. No. 9 (Decision and Conditional Order of Dismissal, McAvoy, J., Nov. 8, 2002), appeal dismissed No. 02-0367-pr (2d Cir. Dec. 8, 2004).  It appears that Welch has essentially re-cast the same underlying allegations - that he is a federal witness who has fallen victim to a conspiracy to kill him that began in 1979 - that he has raised in these and other prior actions.  But Welch has not stated a claim upon which habeas relief may be granted in his amended petition.[3]

---

[3]  Welch also alleges that he is being illegally confined in the Special Housing Unit ("SHU"), he is not being protected against "serious physical injury," and his food is being "contaminated/poisoned"in furtherance of the conspiracy which is at the heart of his petition. See, e.g., Am. Pet., attached pages, at ¶ 31, 38. Those claims, to the extent that they challenge conditions of confinement, are not cognizable on habeas review. See Green v. Duncan, No. 01-cv-886, 2007 WL 781927, at *2-3 (N.D.N.Y. Mar. 13, 2007)(Sharpe, D.J. adopting Report-Recommendation of Bianchini, M.J.)(dismissing habeas petition where penalty at issue dealt with the "circumstances and conditions of confinement and not with the duration thereof").

    The Court declines, however, to construe this action as filed under either 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Welch does not seek damages, and if he had brought this action as a section 1983 suit, it would be subject to review under the Prisoner Litigation Reform Act ("PLRA") of 1996, of which the "three strike rule" of 28 U.S.C. § 1915(g) is a part. See Adams v. McGinnis, 317 F. Supp. 2d 243, 245 n. 1 (W.D.N.Y. 2004)(stating that the PLRA does not apply to habeas petitions brought under 28 U.S.C. § 2254)(citations omitted). The Second Circuit has ruled

(continued...)

For the reasons set forth above, Welch's amended petition for a writ of habeas corpus will be dismissed. See, e.g., Dory v. Commissioner of Correction of State of New York, 865 F.2d 44, 45 (2d Cir. 1989)(*per curiam*)("It is true that a petition for a writ of habeas corpus may be summarily dismissed if it fails to state a claim upon which relief may be granted" and the allegations are "patently frivolous or false."); Meister v. New York State Attorney General, No. 06-CV-090, 2007 WL 2874363, at *4 (W.D.N.Y. Sept. 26, 2007)("the Court believes that this is a case where summary dismissal of the habeas petition is appropriate and that it is not necessary to require respondent to answer."). No certificate of appealability shall issue because Welch has failed to make a "substantial showing of a denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2)("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); see also Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000), *cert. denied* 531 U.S. 783 (2000).

THEREFORE, it is

ORDERED that

---

[3](...continued)
that Welch's prison litigation history earned him "three strikes" under 28 U.S.C. § 1915(g) over eight years ago. Welch v. Galie, 207 F.3d at 132.  Since then, Welch has had numerous section 1983 cases dismissed because of his failure to file the civil action filing fee after his application to proceed *in forma pauperis* was denied based upon the three strikes rule. See, e.g.,Selsky, 2008 WL 238553; Fischer, 2007 WL 3231992. Finally, these allegations form the backdrop for at least two section 1983 civil actions filed by Welch that are currently pending in this District (see Welch v. Charlan et al, No. 06-cv-61, Dkt. No. 53 at 6-8) and the Western District of New York (Welch v. Brown et al, No. 08-cv-765, Dkt. No. 1, at ¶¶2, 5-6, 18, 37, 38, 59, 64; transferred from the Northern District of New York to the Western District of New York by Order dated October 9, 2008 (Dkt. No. 5)(Scullin, S.J.)).

-10-

    1.  The amended petition for a writ of habeas corpus (Dkt. No. 4) is DISMISSED; and

    2.  The Clerk of the Court is directed to file judgment accordingly and serve a copy of this Order on Welch in accordance with the Local Rules.

    IT IS SO ORDERED.

Dated:   December 17, 2008
        Utica, New York.

                                            United States District Judge